In re A.H. ROBINS COMPANY, INC., Debtor, Employer Tax Identification No. 54–0486348.

DALKON SHIELD CLAIMANTS TRUST, Movant,

v.

Doretha HONORE, Clifford Honore, Shirley Washington–Parker, and Ruth Larrieu, Respondents.

No. 84–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

March 25, 1994.

Richard P. Reina, Denham Springs, Louisiana, for Doretha Honore, Clifford Honore,

Shirley Washington–Parker and Ruth Larrieu.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

### MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on motion by the Dalkon Shield Claimants Trust ("Trust") to interpret the Sixth Amended and Restated Plan of Reorganization of the A.H. Robins Company ("Plan"), and to interpret the Trust's rules governing alternative dispute resolution ("ADR"). The Trust asks the Court to: (1) Interpret the Trust's ADR rules to find that an ADR referee has no authority to grant a rehearing after rendering a decision; (2) Stay the four ADR proceedings giving rise to this motion, all four of which involve the same referee; and (3) Direct such other relief as the Court deems appropriate. The Trust filed the motion on October 25, 1993, and served copies on the attorney for the four claimants and on the referee. No response has been filed. For reasons which follow, the Court determines that an ADR referee has no authority to reconsider his or her decision.

This motion arises from events in ADR proceedings involving four claimants: Doretha Honore, DS–122912, her husband Clifford Honore, DS–122911, Shirley A. Washington–Parker, DS–111482, and Ruth A. Hagood Larrieu, DS–309225. All four claimants elected to proceed under Option 3, rejected the Trust's offers of compensation, and elected to use ADR to resolve their claims.

ADR hearings on the four claims were held by Referee Stanford O. Bardwell, Jr., in Baton Rouge, Louisiana. The Washington–Parker and Larrieu hearings were held on August 9, 1993. The hearing for the Honores was held on August 10, 1993. Referee Bardwell rendered his written decision in each of the claims on September 1, 1993.[1]

---

1. The ADR Rules and Amended Rules clearly require the referee to issue a written decision no later than 15 calendar days after the close of the hearing, which shall occur at the end of the evidence and closing arguments. The decisions on the Honores' claims were due no later than August 25, 1993. The decisions on the claims of

Larrieu and Washington–Parker were due no later than August 24, 1993. Referee Bardwell issued all four decisions on September 1, 1993—seven days late for the Honores and eight days late for the other two claimants. This motion does not raise, and the Court does not decide, the

On September 20, 1993, the attorney for all four claimants, Richard P. Reina, submitted to the referee motions for rehearings in each of the claims. The motions assert two deficiencies in the ADR decisions: (1) The Referee made errors of fact; and (2) The decisions were not rendered within fifteen days of the close of the hearings, as required by the Trust's ADR rules.

Referee Bardwell held a telephone conference on the motions and determined that the ADR rules

> permit the referee to reopen the hearing for good cause shown. If the hearing itself can be reopened, the referee can likewise restrict a reconsideration to the correction of plain error or a review of material otherwise omitted from consideration, and limit such review to argument only submitted by memorandum.

Memorandum of Conference re Doretha Honore, ¶ 1(1), found at Motion, Exh. E (identical language is found in Memoranda of Conference re Clifford Honore, Ruth A. Hagood Larrieu, and Shirley A. Washington–Parker, ¶ 1(1), found at Motion, Exh. E). Referee Bardwell did not address the timeliness of his decisions.

The Honores' claims are governed by the Trust's Rules Governing Alternative Dispute Resolution ("Rules"), issued in March, 1992. The Rules state:

### XII. ADR PROCEDURE

. . . .

#### I. Conclusion of Hearing.

When the parties state that they have no further evidence to offer, and after the parties have made their closing arguments, if any, the referee shall declare the ADR hearing closed . . .

#### J. Reopening of Hearings.

Upon good cause shown, the referee may reopen the hearing.

### XIII. ADR DECISION AND JUDGMENT

#### A. Issuance of Decision.

1. Time. The referee shall issue a written decision no later than 15 calendar

status of an arbitrator's decision that is issued in

days after the date of the closing of the hearing.

Rules Governing Alternative Dispute Resolution, March 1992, found at Motion, Exh. A. The First Amended Rules Governing Alternative Dispute Resolution ("Amended Rules"), issued in January, 1993, govern the claims of Larrieu and Washington–Parker. The relevant language in the Amended Rules is identical to the language quoted above from the original Rules, with this exception:

#### L. Reopening of Hearing.

As a general rule, referees should resist reopening the hearing, and if the referee does reopen the hearing, it shall be only upon good cause shown.

Amended Rules Governing Alternative Dispute Resolution, January 1993, found at Motion, Exh. B. Neither the Rules nor the Amended Rules address any post-decision process before the Referee.

■ This situation and the Trust's motion present two troublesome issues to the Court. The first issue concerns the conduct of Referee Bardwell in interpreting the ADR Rules and Amended Rules. This Court has exclusive jurisdiction to interpret the meaning of the Plan, the Claims Resolution Facility, and related Trust instruments, including the ADR Rules and Amended Rules issued pursuant to the CRF. Debtor's Sixth Amended and Restated Plan of Reorganization (*Plan*) § 8.05 (March 28, 1988) (in *In re A.H. Robins Co., Inc.*, No. 85–01307–R (E.D.Va.)); Order Confirming *Plan* ¶ 45 (July 26, 1988) (in *In re A.H. Robins Co., Inc.*, No. 85–01307–R (E.D.Va.)) (accompanying Memorandum at 88 B.R. 742 (E.D.Va.1988)); Amended Administrative Order Number 1 Governing Dalkon Shield Arbitration and Litigation ¶ 3 (July 1, 1991) (in *In re A.H. Robins Co., Inc.*, No. 85–01307–R (E.D.Va.)) (confirmed in *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Reiser)*, 972 F.2d 77, 79 n. 1 (4th Cir.1992)).

Referee Bardwell usurped this Court's exclusive jurisdiction to interpret the Plan and related instruments when he construed the ADR Rules and Amended Rules to find implied authority where no such authority was

violation of the rules governing ADR.

express in the language of the instruments. Referee Bardwell has no authority to find a meaning not apparent on the face of the ADR rules. His determination as to such meaning is a legal nullity, not binding on any person for any purpose.

 The second issue concerns what relief is available, if any, from a referee following his or her written decision. Neither the ADR Rules nor the Amended Rules expressly authorize any form of post-decision process by the referee. The ADR Agreement, which each claimant must sign in electing ADR, states that "[t]he parties agree that the referee's decision is final and binding on the parties." Agreement to Submit to Binding Alternative Dispute Resolution, standard form available from the Dalkon Shield Claimants Trust, undated. This language is standard in all Dalkon Shield ADR Agreements. In signing this agreement, the claimants who elect ADR bargain away certain procedural rights inherent in the litigation process, including the right to iterative reviews, in exchange for an opportunity to use an expeditious and inexpensive resolution process. The Court is properly reluctant to disturb a voluntary, mutually beneficial agreement.

This Court determines that ADR referees have no authority to conduct any process or procedure related to a Dalkon Shield claim after issuing the written decision. This Court is satisfied that ADR referees lack the power of conducting any process following issuance of the written decision. Hence, any finding, order, other purported instrument, or act by an ADR referee after issuance of the written decision is a legal nullity and is not binding on any person for any purpose.

█ The Court will not issue a formal injunction as to all referees. This Memorandum should be sufficient to preclude any further difficulties in this regard. However, Mr. Bardwell appears to have blatantly taken power unto himself and is from this moment enjoined from reopening any case or from rendering a decision after fifteen days from the closing of the hearing.

The Court is mindful that the facts of this matter raise an additional question. What, if any relief is available to a claimant who feels unjustly treated by the ADR process? The instant motion does not present this question and the Court does not address it. The Court notes, however, that it has power to grant relief from final judgments pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b).