**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Eileen GOODMAN, a.k.a. Eileen Tucker, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

June 13, 1997.

Eileen Tucker, Highland Park, IL, pro se.

Anne M. Glenn, Dalkon Shield Claimants Trust, Richmond, VA, for Dalkon Shield.

### MEMORANDUM

Contested Matter *

RICHARD L. WILLIAMS, District Judge.

■ This matter is before the Court on the Motion of Eileen Goodman, a.k.a. Eileen Tucker ("Tucker") To Enforce The Plan And Set Aside The ADR Decision.[1] Tucker seeks an Order of this Court vacating the decision of the ADR Referee and resetting this matter for another ADR hearing. The Dalkon Shield Claimants Trust (the "Trust") opposes Tucker's Motion. The Motion has been fully briefed and the matter is ripe for disposition. For the reasons which follow, the Court will deny Tucker's Motion.

### I.

Tucker is a Dalkon Shield claimant who claims that she has suffered injuries as a result of her use of the Dalkon Shield. Tucker rejected the Trust's settlement offer and chose to resolve her claim through binding Alternative Dispute Resolution ("ADR"). In electing ADR, Tucker and a Trust representative signed an "Alternative Dispute Resolution (ADR) Election And Agreement" which provided in pertinent part:

> I understand that the ADR process on my claim shall be conducted as provided in the Second Amended Rules Governing Alternative Dispute Resolution, which are attached and incorporated into this Agreement, and which I have read, understand and agree to follow.

Trust Ex. A.

Rule 8 of the Second Amended Rules Governing Alternative Dispute Resolution (the

---

* Pursuant to Federal Rule of Civil Procedure 63 and Bankruptcy Rule 9028, this matter is before The Honorable Richard L. Williams. The Court hereby certifies that the regularly presiding judge is unable to proceed, that the Court is familiar with the record, and that proceedings in this matter may be completed without prejudice to the parties.

1. The Court notes that Tucker appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

"ADR Rules") provides for the parties to exchange documents they intend to introduce at the ADR hearing (the "Document Exchange"). The Rule also allows for the parties to file with the referee a Statement of Facts and Issues ("Statement of Facts"). ADR Rule 8 provides:

PRE-HEARING EXCHANGE

No later than 20 calendar days prior to the ADR hearing date, the parties shall file with the referee and serve on each other (1) complete copies of all documents that they intend to present as evidence at the ADR hearing, including copies of any affidavits permitted by the Rules to be presented at the ADR hearing; (2) a list of witnesses who will testify in person at the ADR hearing; and (3) summaries of the direct testimony of those witnesses who will testify in person at the ADR hearing. A copy of the certificate of service for all such documents shall be filed with the NTP [Neutral Third Party]. **The referee shall exclude from the ADR hearing any (1) documents not timely exchanged; and (2) witnesses who are not timely identified or for whom summaries of testimony are nor timely exchanged....** Any party may, no later than 12 calendar days before the ADR hearing, file with the referee in writing and serve upon the other party any statement of issues, pre-hearing briefs, motions to exclude evidence, motions to reschedule, or any other motion. A copy of a certificate of service for any statements, briefs, or motions shall be filed with the NTP.

ADR Rule 8 (emphasis in original)

Tucker's ADR hearing was held on July 30, 1996 in Chicago, Illinois before Referee Lynn Cohn. Although Tucker was not formally represented by counsel at the hearing, she was assisted by her husband, Gary S. Tucker, who is an attorney representing another Dalkon Shield claimant. The Trust was represented by its non-lawyer advocate. At the hearing, Tucker presented evidence in support of her claim for compensation from the Trust for her surgery, premature delivery, hospitalization, and pain and suffering. On August 5, 1996, Referee Cohn issued her written decision denying Tucker any compensation. Trust Ex. F. Referee Cohn concluded that while Tucker met her burden of proof for use of the Dalkon Shield, she did not meet her burden as to her claimed injuries. *Id.* at 4–5. On September 10, 1996, Tucker timely filed her motion seeking relief from the Referee's decision.

## II.

Neither the Plan nor the ADR Rules expressly provide for any relief from a referee's decision. Nevertheless, this Court has recognized that "fairness [to the individual claimant] requires some form of relief from an ADR decision." *In re A.H. Robins (Bledsoe v. Dalkon Shield Claimants Trust)*, 197 B.R. 550, 554 (E.D.Va.1995), aff'd. 112 F.3d 160 (4th Cir.1997). This Court has also recognized, however, that fairness to the entire group of claimants requires that this avenue of relief be quite limited. *Id.* Accordingly, this Court in *Bledsoe* held that it will only review an ADR decision under the most "extreme circumstances" where a claimant can demonstrate "flagrant referee misconduct by clear and convincing evidence." *Id.* The Court noted in *Bledsoe* that one example of such misconduct is where a referee "brazenly refuses to abide by the ADR rules or makes plainly egregious and patently unfair procedural errors." *Id.* The Fourth Circuit has recently held that the standard for relief from ADR outlined by this Court in *Bledsoe* is not an unrealistic burden. *Bledsoe,* 112 F.3d at 162.

## III.

Tucker claims that she was denied a fair hearing because the Referee proceeded with the hearing over Tucker's objection that the Trust failed to comply with the procedures set forth in ADR Rule 8. Specifically, Tucker complains that the Trust omitted a medical article in its Document Exchange and never served Tucker with a copy of its Statement of Facts.[2] Tucker contends that because the

---

2. The remainder of the materials contained in the Trust's Document Exchange were apparently received by Tucker.

Referee refused to exclude certain documents under ADR Rule 8 and also denied her request for a continuance, Tucker was precluded from adequately preparing for the hearing.

The Trust opposes Tucker's Motion. The Trust argues that because it complied with the rules governing the Document Exchange, there is no factual basis to support Tucker's Motion. In support of this position, the Trust offers copies of the Certificates of Service which accompanied its Document Exchange as well as its Statement of Facts.[3] Trust Ex. C, D. The Certificates state that true and accurate copies of the materials were mailed to Tucker, the Referee, and the NTP. In addition, the Trust offers the affidavit of its non-lawyer representative, Thomas M. Smith, who states that both the Document Exchange and the Statement of Facts were verified for accuracy and completeness before being mailed. Trust Ex. E, ¶ 10.

While the Trust's evidence suggests that it properly complied with the requirements of ADR Rule 8, the Trust does not address the basis for the relief sought by Tucker—the conduct of the Referee. While the misconduct of the Trust can potentially provide a basis for relief from ADR, *see In re A.H. Robins Co. (Galarneau v. Dalkon Shield Claimants Trust),* 201 B.R. 142 (E.D.Va. 1996), the essence of Tucker's complaint is that the Referee erred in: (1) refusing to reschedule the hearing; and (2) refusing to exclude the medical article and Statement of Facts under ADR Rule 8. The Court will address each issue separately.

**3.** Copies of the Certificates were also sent to the NTP and Referee as required by ADR Rule 8.

**4.** Tucker also points to ADR Rule 6.A which provides that "[t]he ADR hearing should be held within 60 calendar days from the date of the pre-hearing conference, but this time may be extended by the referee or the NTP for administrative efficiency." ADR Rule 6.A. Tucker's reliance on this rule is misplaced. ADR Rule 6.A only addresses the initial scheduling of ADR hearings during a Pre–Hearing Conference, not the continuance of a scheduled hearing. Rule 10.A, entitled "Rescheduling Hearings," addresses the precise issue raised by Tucker.

## 1. *Refusal To Reschedule The Hearing*

At her ADR hearing, Tucker requested that the matter be rescheduled so that she could review the Trust's medical article and Statement of Facts which Tucker alleged were not properly served. Tucker states that Referee Cohn denied Tucker's request because the Referee believed that she did not have the power to continue the hearing. Tucker contends that Referee Cohn erred because she was empowered to reschedule the hearing under ADR Rules 10.A.4 and 10.A.5.[4]

ADR Rule 10.A provides, in pertinent part: An ADR hearing shall not be rescheduled except as follows:

. . .

3. After the initial pre-hearing conference, a referee may grant a written motion to reschedule upon the referee's finding of extreme circumstances beyond the moving party's reasonable control.

4. The referee may reschedule the ADR hearing at any time upon the agreement of all parties.

5. The referee may reschedule the ADR hearing at any time in the event of his or her extreme circumstances beyond his or her control.

ADR Rule 10.A.

In this case, the Referee was not entitled to reschedule the hearing under any of the provisions of Rule 10.A. Because Tucker did not make a written motion to reschedule her hearing, subsection 3 is inapplicable.[5] Because the Trust did not agree to reschedule the hearing, subsection 4 is inapplicable. Finally, because subsection 5 refers to a refer-

**5.** The Court notes that Tucker had ample opportunity to file a written motion to reschedule. Tucker concedes that with the exception of one medical article, she received the Trust's Document Exchange. The Certificate of Service which accompanied the Document Exchange included as an attachment a list of the medical articles upon which the Trust would rely. Trust Ex. C. Tucker therefore was on notice twenty days before the hearing of the evidence that the Trust intended to present. Assuming, *arguendo,* that the article was not enclosed, Tucker should have noted this discrepancy and submitted a written motion to reschedule her hearing rather than wait until the day of her hearing to bring this matter to the Referee's attention.

ee's extreme circumstances, rather than a claimant's, it too is inapplicable to this case. In light of the fact that there did not exist proper grounds to reschedule Tucker's hearing, the Referee was required by Rule 10.A to go forward with the proceeding. Accordingly, the Referee's refusal to grant Tucker's request to reschedule does not provide grounds for relief.

### 2. *Refusal To Exclude Documents*

Tucker claims that the Referee erred in allowing the Trust to introduce a medical article that Tucker claims was not contained in the Trust's Document Exchange. Tucker further contends that the Referee should not have accepted the Trust's Statement of Facts because it was not properly served. Tucker argues that under ADR Rule 8, the Referee was required to exclude these documents.

In her written decision, Referee Cohn recognized that both the Trust and Tucker claimed that the other did not comply with the requirements of ADR Rule 8. Referee Cohn stated:

> The Referee notes that the Claimant stated that she did not have Exhibit G [the medical article] in her document exchange and did not receive a Statement of Facts and Issues while the Trust states that it did not receive the Affidavits or [Tucker's daughter's] school records.

Ex. F. at 4. Rather than resolve the issue of whether either party had violated the Document Exchange procedures, Referee Cohn decided that she would allow each party to use all of the documents it had intended to introduce:

> In light of these unusual and unfortunate circumstances, the Referee allowed each side to use all documents but noted the lack of notice to the other side.

*Id.*

■ The issue facing the Court is whether the Referee's decision to admit the documents was in "brazen" disregard of the ADR Rules or was otherwise so "plainly egregious" or "patently unfair" as to constitute

"flagrant referee misconduct" under *Bledsoe.* It appears that Referee Cohn did fail to strictly comply with ADR Rule 8 because she did not resolve the issue of whether either party had failed to satisfied the Document Exchange procedures and then apply the Rule. Instead, Referee Cohn fashioned her own remedy to resolve the dispute. The Court finds that the Referee's solution, while perhaps a fair decision, was simply not provided for in the ADR Rules. As this Court has previously stated, ADR referees have no authority to either interpret or depart from the ADR Rules. *In re A.H. Robins (Dalkon Shield Claimants Trust v. Honore*), 197 B.R. 530, 532–33 (E.D.Va.1994). In the instant case, the Referee should have made a specific finding regarding whether each party had complied with the Document Exchange procedures. If she found that a party had done so, then that party's documents may have properly been admitted. If, on the other hand, she found that a party had not complied with the procedures, then the appropriate documents should have been excluded under ADR Rule 8. Referee Cohn was not entitled, however, to fashion her own equitable solution to this admittedly difficult situation.[6]

■ A showing that a referee has committed a technical error, however, is not sufficient to warrant relief from an ADR decision. *In re A.H. Robins (Smith–Kingcade v. Dalkon Shield Claimants Trust)*, 205 B.R. 774, 776 (E.D.Va.1997). In order for this Court to set aside an ADR decision for procedural error, the party seeking relief must show by clear and convincing evidence that the referee's disregard of the ADR Rules was "brazen" or that the error was otherwise "plainly egregious or patently unfair." *Bledsoe,* 197 B.R. at 554. In this case, the Court is not satisfied that Referee Cohn's failure to make the findings necessary to apply ADR Rule 8 was "brazen." *See Smith–Kingcade,* 205 B.R. at 777. Likewise, the Court is not persuaded that this particular error was "egregious" or "patently unfair." *See id.* Indeed, in light of the fact that both parties

---

**6.** The Court is mindful that, as discussed above, Referee Cohn was not permitted to continue the hearing.

claimed to have been caught off-guard by the other's proposed submissions, the parties were equally prejudiced by the Referee's decision.

While a better course may have been for the Referee to make specific findings regarding whether Tucker or the Trust had failed to comply with ADR Rule 8, and then admit or exclude documents accordingly, the Court is not prepared to say that the actions of Referee Cohn in this case rose to the level of referee misconduct necessary to obtain relief under the *Bledsoe* standard. Accordingly, the Court will deny Tucker's Motion.

An appropriate Order shall issue.