**A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Manuel VELA, Movant,**

v.

**BRELAND INSURANCE TRUST, Respondent.**

**Bankruptcy No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

July 3, 1997.

---

A. Russell Blank, Blank, Benkel & Weener, Atlanta, GA, for Manuel Vela.

Melody G. Foster, Richmond, VA, for Breland Insurance Trust.

### MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on the motion of Breland Insurance Trust Claimant Manuel Vela ("Mr. Vela") styled "Motion For Partial Summary Judgment." Because Mr. Vela seeks an interpretation of Rule 12.G.3(c)

of the Second Amended Rules Governing Alternative Dispute Resolution, the Court will treat his motion as a motion to interpret made pursuant to *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Honore)*, 197 B.R. 530 (E.D.Va.1994) (holding that this Court has exclusive jurisdiction to interpret the ADR Rules). The Breland Insurance Trust (the "Trust") opposes Mr. Vela's motion. The parties have not asked to be heard on the motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the motion.

### I.

Mr. Vela is a non-user Breland claimant who seeks compensation from the Trust for injuries stemming from his wife's use of the Dalkon Shield.[1] Mr. Vela's wife, Maria Vela ("Mrs. Vela"), filed a timely claim with the Dalkon Shield Claimants Trust, which she elected to resolve through Alternative Dispute Resolution ("ADR"). Her hearing was held on May 15, 1995 before Referee Kimberlee K. Kovach. Referee Kovach issued her decision on May 25, 1995, finding that Mrs. Vela had met her burden of proving that she had used the Dalkon Shield and that she had suffered injuries caused by the Dalkon Shield. Referee Kovach awarded Mrs. Vela $10,000. Movant Ex. A.

Following Mrs. Vela recovery in ADR, Mr. Vela elected to resolve his Breland claim through ADR. In doing so, Mr. Vela and a Trust representative signed an Agreement to Proceed with Alternative Dispute Resolution (the "ADR Agreement") which provided, in pertinent part:

> I understand that the ADR process on my claim shall be conducted as provided in the Second Amended Rules Governing Alternative Dispute Resolution (Rules), which are attached and incorporated into this Agreement, and which I have read, understand and agree to follow.

Trust Ex. A.

The Second Amended Rules Governing Alternative Dispute Resolution (the "ADR

---

1. A "non-user" is a Dalkon Shield claimant who did not use a Dalkon Shield but asserts a claim as or on behalf of a child, husband, or other individual related to or claiming some other personal relationship to the Dalkon Shield user.

Rules") set forth the burden of proof in ADR for the claims of non-users:

A Non–User claimant has the burden of proving each of the following:

 a. that the User used a Dalkon Shield;

 b. that the User was injured;

 c. that the User's injury was caused by the Dalkon Shield;

 d. that the Non–User claimant was either: (1) legally married to the User at the time of her injury; or (2) is the child of the User;

 e. that the Non–User claimant was injured as a result of the User's injury;

 f. that the Non–User claimant should receive compensatory damages for that injury shown in [subsection (e) ]; and

 g. the amount of those compensatory damages, if any.

ADR Rule 12.H.2 ("Burden of Proof/Claims By Non–Users"). Rule 12 also sets forth an exclusive list of the types of evidence that the referee may consider, as well as the types of evidence that the referee is prohibited from considering. ADR Rule 12.G. Included in this Rule is the following provision:

The referee shall *not* consider the following:

 . . .

 c. Decisions or judgments in other Dalkon Shield arbitration, litigation, or ADR cases.

ADR Rule 12.G.3 (emphasis in original).

In his motion, Mr. Vela asks that, in light of his wife's ADR recovery, the Court rule that he is not required to prove the first three elements of his burden of proof: (1) that Mrs. Vela used a Dalkon Shield; (2) that she was injured; and (3) that her injury was caused by the Dalkon Shield. The Trust opposes Mr. Vela's Motion, insisting that Mrs. Vela's ADR case is another ADR case upon which, under ADR Rule 12.G.3(c), Mr. Vela is not entitled to rely.

### II.

This Court has expressly recognized that when an ADR claimant is a non-user, such as a claimant's husband, that non-user must prove that the Dalkon Shield caused his wife's injury *and* that her injury caused his injuries. (*i.e.* loss of consortium). *In re A.H. Robins (Dalkon Shield Claimants Trust v. Fleming)*, 197 B.R. 541, 545 (E.D.Va.1995). Thus, in the absence of a stipulation or some admission by the Trust, a husband claimant bears the burden of proving "double causation." *Id.*

In this case, Mr. Vela asks that the Court interpret ADR Rule 12.G.3(c) in a manner which would allow him to introduce the decision from his wife's ADR case, thus relieving Mr. Vela of his burden of proving double causation. Mr. Vela argues that he is entitled to introduce his wife's ADR decision because it is not an "other" Dalkon Shield ADR case within the meaning of Rule 12.-G.3(c). Mr. Vela suggests that the word "other" in Rule 12.G.3(c) was intended to relieve ADR referees from the impossible burden of evaluating the fact-specific similarities and dissimilarities presented by different Dalkon Shield claims. Mr. Vela contends that, with respect to his burden of proving his wife's injury, Mrs. Vela's ADR decision "is the *same* case with the *same* parties, dealing with the *same* facts and the *same* issues." Mem. at 2–3 (emphasis in original). Accordingly, Mr. Vela maintains that ADR Rule 12.G.3(c) does not apply.

■ The Court is not persuaded by Mr. Vela's argument. To begin, the Court notes the conspicuous absence in the ADR Rules of any indication that a non-user claimant may rely on the factual findings from a user's ADR decision. The ADR Rules clearly contemplate claims by both users and non-users and could have easily provided that the findings from one proceeding are admissible in the other. The Rules do not do so, however. Indeed, they provide for just the opposite through ADR Rule 12.G.3(c).

Additionally, the Court notes that it rejected an argument similar to that presented by Mr. Vela in *In re A.H. Robins (Dalkon Shield Claimants Trust v. Fleming)*, 197 B.R. 541 (E.D.Va.1995). There, the Court considered whether a non-user husband was entitled to introduce evidence of his wife's

settlement offer from the Trust in order to meet his burden of proof in ADR. While the Court in *Fleming* was primarily concerned with the confidentiality of settlement offers from the Trust, the Court held that "[a]s a general principle ... the Trust is fully empowered to challenge causation of a wife's injuries in her husband's ADR proceedings." *Id.* at 547. Thus, this Court in *Fleming* recognized a distinction between the claim of a user and that of related non-user. More importantly, the Court acknowledged the Trust's right in a husband's ADR hearing to contest the issue of whether his wife's injuries were caused by the Dalkon Shield, regardless of what may have transpired with respect to the wife's claim. For these reasons, the Court finds that ADR Rule 12.-G.3(c) precludes the introduction of a referee's decision from a user's ADR case in a non-user's ADR proceeding because the decision is that of another Dalkon Shield ADR case within the meaning of the rule.

In addition to his argument concerning the proper interpretation of Rule 12.G.3(c), Mr. Vela argues that principles of collateral estoppel dictate that the findings of the referee from Mrs. Vela's ADR hearing are binding on the referee in his ADR hearing. Thus, Mr. Vela maintains that the Trust is barred from relitigating the issue of whether Mrs. Vela used and was injured by the Dalkon Shield.

In suggesting that the doctrine of collateral estoppel applies to ADR proceedings, Mr. Vela misapprehends the nature of ADR under the Robins Plan of Reorganization. While Dalkon Shield ADR is an adversarial proceeding which bears some resemblance to litigation, it must be remembered that ADR is a settlement mechanism, born of contract, whereby claimants compromise their claims against the Trust. In electing to submit their claims to ADR, claimants expressly reject their right to pursue the formalities and potential benefits of litigation in exchange for the efficiencies and simplicity of ADR. As part of this bargained-for exchange, both the claimant and the Trust expressly agree the ADR proceeding is to be governed solely by the ADR Rules and the decisions of this Court. ADR Agreement ¶¶ 7, 12. The ADR Rules plainly reject the application of collateral estoppel by stating that neither party is entitled to rely on decisions from other Dalkon Shield ADR cases, arbitration proceedings, or litigation. ADR Rule 12.-G.3(c). In short, while collateral estoppel may be of some relevance to claims that ultimately reach litigation, the doctrine is wholly inapplicable to decisions rendered by a quasi-judicial, private third party pursuant to a consensual dispute resolution agreement.

The Court also finds that the group of claimants as a whole would not be served by the application of collateral estoppel to ADR proceedings. This Court has recognized that "ADR was designed to be a more efficient, more expedient and less costly alternative to trial or arbitration." *In re A.H. Robins (Bledsoe v. Dalkon Shield Claimants Trust),* 197 B.R. 550, 553 (E.D.Va.1995). Indeed, the stated purpose of ADR is "to allow claimants the opportunity to present their cases to a neutral party to resolve their claims as quickly as possible with as few legal complications as possible." ADR Rule 2; *see also Bledsoe,* 197 B.R. at 553. Hearings are limited to two and one-half hours and are designed to permit claimants, as well as the Trust, to have their cases heard without needing a lawyer. ADR Rules 11; 12.I. In short, ADR was designed to focus primarily on medical and causation issues, and to avoid disputes over legal issues such as statute of limitations, product defect, or claim preclusion. *See* ADR Rule 12. By injecting the unsettled law of collateral estoppel into ADR, the Court would certainly hinder the Trust's stated goal of fairly, efficiently, and expeditiously resolving all Dalkon Shield claims. *See* Claimants Trust Agreement § 2.02.

### III.

The Court finds that ADR Rule 12.G.3(c) bars the introduction of a referee's decision from a user's ADR case in a non-user's ADR proceeding because the decision is that of another ADR case within the meaning of the rule. The Court further finds that the doctrine of collateral estoppel is inapplicable to Dalkon Shield ADR.