In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

Employer's Tax Identification No. 54–048648.

Anthony D. SHERMAN, Movant,

v.

DALKON SHIELD CLAIMANTS TRUST, Respondent.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

Oct. 20, 1997.

Anthony D. Sherman, Portland, OR, Pro se.

Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

■ This matter is before the Court on Dalkon Shield Claimant Anthony D. Sherman's ("Mr.Sherman")[1] Motion To Enforce The Plan And Set Aside The Alternative Dispute Resolution ("ADR") Decision.[2] The Dalkon Shield Claimants Trust (the "Trust") opposes Mr. Sherman's motion.[3] For the reasons which follow, the Court will DENY the motion.

## I.

Mr. Sherman is a non-user Dalkon Shield claimant who claims that he has suffered injuries as a result of his wife's ("Mrs.Sherman") use of the Dalkon Shield IUD. Mr. Sherman rejected the Trust's settlement offer and chose to resolve his claim through binding ADR. Before his hearing, Mr. Sherman attempted to file a Motion To Vacate in this Court.[4] Because the motion was a facsimile copy and did not contain an original signature, the Court did not accept the submission. Resp. To Motion To Vacate ADR Decision ("Resp.") at 2.

Upon receipt of a copy of Mr. Sherman's motion, the Referee, Michelle M. Sales ("Referee Sales"), issued a letter stating that she had no authority to rule on the motion but was prepared to go forward with the hearing. *Id.* Ex. E. In response, Mr. Sherman argued that there was a Plan interpretation issue that needed to be resolved before the ADR hearing could take place. Despite this objection, the ADR hearing was held on May 5, 1997, in Portland, Oregon, before Referee Sales. At the hearing, Mr. and Mrs. Sherman testified and presented medical records in support of their claim that Mrs. Sherman's use of the Dalkon Shield caused her to suffer from pelvic inflammatory disease ("PID") and infertility. *Id.* at 3.

On June 9, 1997, Referee Sales issued her written decision denying Mr. Sherman any compensation for his loss of consortium claim. *Id.* Ex. G. She found that while Mr. Sherman had satisfied his burden of proving his wife used a Dalkon Shield, he had failed to meet his burden of proof as to the cause of his wife's injuries. *Id.*

A week before the Referee rendered her decision, this Court received and docketed the original of the motion that Mr. Sherman had attempted to file before his ADR hearing. *Id.* at 4. On July 10, 1997, pursuant to this Court's direction, Mr. Sherman filed a Supplemental Memorandum. Mr. Sherman's memorandum alleges three separate grounds to vacate the Referee's decision. First, Mr. Sherman argues that he should not have been required to prove his wife used the Dalkon Shield and was injured by it because

---

1. The Court notes that Mr. Sherman appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

2. In a letter dated April 30, 1997, Mr. Sherman wrote to the Court seeking reversal of his ADR decision although his ADR hearing had not yet been held. The Court did not accept the submission because it was a facsimile version and did not contain an original signature, as required by the Local Rules. On June 2, 1997, the Court accepted Mr. Sherman's letter and pursuant to *In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust),* 197 B.R. 550 (E.D.Va.1995), *aff'd,* 112 F.3d 160 (4th Cir.1997), docketed it as a "Motion To Enforce The Plan And Set Aside The ADR Decision." Order (June 29, 1997).

3. On September 17, 1997, the Court scheduled a telephonic hearing to take evidence and hear argument on the motion. Counsel for the Trust was present, but Mr. Sherman failed to appear. In any event, the matter is ripe for decision on the pleadings.

4. In the motion, Mr. Sherman claimed that: (1) the Trust was guilty of bad faith because its Statement of Facts "eluded [sic] vital medical information ... and misrepresented information ..."; (2) he should not have to prove his wife used the Dalkon Shield and was injured by it because the Trust's offer letter to her is proof of those facts; and (3) the Trust was guilty of unfair settlement practices because it "intentionally offers Non–Users uneqitable [sic] amounts of compensation in comparison to the Users [sic] offer." Letter dated April 30, 1997.

the Trust's offer letter to her is proof of those facts. Second, Mr. Sherman asserts that Referee Sales violated ADR Rule 14.J by proceeding with the hearing in the face of an alleged Plan interpretation issue. Lastly, Mr. Sherman contends that the Trust violated its fiduciary responsibility by excluding medical information from its Statement of Facts and by allegedly offering the users of Dalkon Shields significantly more compensation than non-users. The Trust opposes Mr. Sherman's motion, arguing that he has failed to state any circumstances which would justify relief from his ADR decision.

## II.

This Court has, on numerous occasions, articulated the high standard a movant must satisfy in order to be entitled to relief from ADR. *E.g., In re A.H. Robins Co. (Goodman v. Dalkon Shield Claimants Trust),* 209 B.R. 366 (E.D.Va.1997); *In re A.H. Robins Co. (Galarneau v. Dalkon Shield Claimants Trust),* 201 B.R. 142 (E.D.Va.1996). It is well-settled that this Court will only review an ADR decision under the most "extreme circumstances" where a claimant can demonstrate "flagrant referee misconduct by clear and convincing evidence." *In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust),* 197 B.R. 550, 554 (E.D.Va.), *aff'd,* 112 F.3d 160 (4th Cir.1997). One example of such misconduct is where a referee "brazenly refuses to abide by the ADR rules or makes plainly egregious and patently unfair procedural errors." *Id.*

## III.

■ This Court has previously addressed Mr. Sherman's argument that the Trust's offer letter to Mrs. Sherman constitutes conclusive proof of her injuries and thus, dispenses with the requirement that Mr. Sherman prove causation at his ADR hearing. In *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Fleming),* 197 B.R. 541 (E.D.Va.1995), this Court specifically held that any information related to a user's prior settlement offer, including the offer letter from the Trust, "is inadmissible in ADR proceedings." Referee Sales acknowledged and applied this holding when she stated that "[t]he Bankruptcy court has specifically held that the Trust may contest causation of a user's injuries even if it settled with the wife since that settlement offer is inadmissable [sic] in the non-user's proceeding under G.4." Resp. Ex. G (citation omitted). The holding of *Fleming* is clear, and its application to the particular facts of this case did not require any interpretation of the Plan on the part of Referee Sales. Accordingly, the Court finds that Mr. Sherman has failed to prove by clear and convincing evidence that Referee Sales breached the ADR Rules or engaged in flagrant misconduct by proceeding with Mr. Sherman's ADR hearing and refusing to admit the Trust's offer letter to Mrs. Sherman.

■ The Court also finds that Mr. Sherman's arguments concerning the varying amounts of compensation paid out by the Trust and the Trust's allegedly misleading Statement of Facts are irrelevant to the determination of whether Mr. Sherman's ADR decision should be vacated. Neither argument has any bearing on whether Referee Sales engaged in misconduct at the ADR hearing. Instead, these complaints amount to nothing more than Mr. Sherman's disagreement with how the Dalkon Shield claims resolution process is conducted. In any case, the Court finds that Mr. Sherman has failed to present clear and convincing evidence of referee misconduct—the only grounds upon which this Court will review the findings and conclusions of the referee.

## IV.

Having failed to present clear and convincing evidence of flagrant referee misconduct or other extreme circumstances which would warrant relief from ADR, the Court will not disturb the decision of the Referee. Accordingly, the Court will DENY Mr. Sherman's motion and consider his claim against the Trust closed.