**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

Employer's Tax Identification No. 54–0486348.

**Geraldine VELU, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

Jan. 30, 1998.

Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

Geraldine Velu, Littlerock, CA, Pro se.

*MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on the motion of Dalkon Shield Claimant Geraldine Velu ("Velu") to vacate her alternative dis-

pute resolution decision.[1] The Dalkon Shield Claimants Trust (the "Trust") opposes Velu's motion. On January 28, 1998, the Court took evidence and heard argument on the motion. For the reasons which follow, the Court will DENY the motion.

## I.

Velu is a Dalkon Shield claimant who claims that she has suffered injuries as a result of her use of the Dalkon Shield. On February 15, 1994, Velu submitted her completed Option 3 claim form to the Trust, but failed to include any supporting medical records. The following year, Velu sent in her medical records. Because those records did not confirm Velu's claims of pelvic inflammatory disease ("PID") or infertility, the Trust extended Velu a settlement offer for her uncontrolled bleeding only. Velu rejected this settlement offer and chose to resolve her claim through binding Alternative Dispute Resolution ("ADR").

Velu's ADR hearing was held in Los Angeles, California on June 26, 1997 before Referee Robert M. Shafton. Prior to the hearing, both the Trust and Velu submitted the documents each intended to present as evidence at the hearing. Included in both submissions were the medical records that Velu had previously sent to the Trust; again, none of those records showed that Velu suffered from PID while the Dalkon Shield was in place.

On July 7, 1997, Referee Shafton issued his written decision. He found that while it was undisputed that Velu had used the Dalkon Shield and that it had caused her to suffer from uncontrolled bleeding, the medical evidence did not support her claims of PID or infertility. Thus, the Referee found that Velu had failed to meet her burden of proving that she had PID or became infertile because of the Dalkon Shield. Accordingly, the Referee awarded Velu $6,000 for her injuries.

On August 15, 1997, Velu contacted the Trust and asked whether she could submit additional medical records. She was informed that the ADR hearing was closed and could not be reopened. The instant motion followed. In her motion, Velu claims that she "did not have a fair hearing, because the Trust lost part of my medical records." In support of this claim, Velu has appended several medical records, some of which the Trust claims to have never received and which had never been produced to the Referee. Of relevance to the present motion is an October 1973 medical record which shows that Velu had been diagnosed with PID in 1973 while the Dalkon Shield was in place. Based on the foregoing, Velu has moved the Court to order a new ADR hearing so that she may recover for PID and infertility.

## II.

This Court has, on numerous occasions, articulated the high standard a movant must satisfy in order to be entitled to relief from ADR. *E.g., In re A.H. Robins Co. (Goodman v. Dalkon Shield Claimants Trust)*, 209 B.R. 366 (E.D.Va.1997); *In re A.H. Robins Co. (Galarneau v. Dalkon Shield Claimants Trust)*, 201 B.R. 142 (E.D.Va.1996). It is well-settled that this Court will only review an ADR decision under the most "extreme circumstances" where a claimant can demonstrate "flagrant referee misconduct by clear and convincing evidence." *Bledsoe*, 197 B.R. at 554. For the reasons which follow, the Court finds that Velu has failed to present such extreme circumstances.

## III.

Velu does not contend that the Referee acted improperly at any stage in the ADR process. On the contrary, the thrust of Velu's complaint is that the Trust, and not the Referee, lost pertinent medical records

1. In a letter dated October 5, 1997, Velu wrote to the Court seeking reversal of her ADR decision. Pursuant to *In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust)*, 197 B.R. 550 (E.D.Va.1995), *aff'd*, 112 F.3d 160 (4th Cir.1997), Velu's letter was docketed on October 10, 1997 as a Motion To Vacate The ADR Decision. The Court notes that Velu appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965).

which substantiated her claims of PID and infertility. The Trust claims, however, that Velu never submitted those medical records at any time during the processing of her claim.

 It is well-settled that at an ADR hearing, a Dalkon Shield claimant bears the burden of proving that she used the Dalkon Shield and that it caused her injuries. It is equally well-established that pursuant to ADR Rule 8, it is each party's responsibility to "file with the referee and serve on each other (1) complete copies of all documents that they intend to present as evidence at the ADR hearing, including copies of any affidavits permitted by these Rules to be presented at the ADR hearing; (2) a list of witnesses who will testify in person at the ADR hearing; and (3) summaries of the direct testimony of those witnesses who will testify in person at the ADR hearing." Second Amended Rule 8.

At the January 28, 1998 hearing on the present motion, Velu conceded that she received the Trust's submission prior to the ADR hearing. Thus, Velu was on notice that the Trust either did not have or did not include the subject medical records in its submission to the Referee. Velu then had the opportunity to submit those records either in her own submission or subsequent to discovering the Trust's oversight. Yet at no time before or during the ADR hearing did Velu raise any issue about the alleged missing records. Because it was Velu's burden to prove her injuries, it was also her responsibility to produce evidence supporting her claims, including the critical medical records. Having failed to do so, Velu cannot now produce those medical records and receive a new ADR hearing.

## IV.

Having failed to present clear and convincing evidence of flagrant referee misconduct or other extreme circumstances which would warrant relief from ADR, the Court will not disturb the decision of the Referee. Accordingly, the Court will DENY Velu's motion and direct the Trust to forward Velu her

$6,000 check. Velu's claim against the Trust shall be deemed closed.

