In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

Employer's Tax Identification No. 54–0486348.

Lulu Mae HARMON, Movant,

v.

DALKON SHIELD CLAIMANTS TRUST, Respondent.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

March 6, 1998.

Lula Mae Harmon, Port Arthur, TX, pro se.

Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

■ This matter is before the Court on the motion of Dalkon Shield Claimant Lulu Mae Harmon ("Ms. Harmon") to vacate her alternative dispute resolution decision.[1] The Dalkon Shield Claimants Trust (the "Trust") opposes Ms. Harmon's motion. On January 27, 1998, the Court took evidence and heard argument on the motion. For the reasons which follow, the Court will DENY the motion.

## I.

Ms. Harmon is a Dalkon Shield claimant who claims that she has suffered injuries as a result of her use of the Dalkon Shield. Ms. Harmon originally chose to process her claim under Option 2 of the CRF; but when she rejected the Trust's initial settlement offer, she proceeded under Option 3. After again rejecting the Trust's offer—this time for a *de minimis* amount because of insufficient proof of Dalkon Shield use, Ms. Harmon elected to resolve her claim through binding Alternative Dispute Resolution ("ADR").

Ms. Harmon's ADR hearing was held in Dallas, Texas on September 5, 1996, before Referee Cecilia H. Morgan. Although Ms. Harmon testified that she had two Dalkon Shield IUDs inserted in 1969 and 1971, the Trust contended that the IUDs were actually Lippes Loops and not Dalkon Shields.[2] Thus, the Trust argued that any injuries which Ms. Harmon suffered were not compensable. On September 7, 1996, Referee Morgan issued her written decision in which she found that Ms. Harmon had failed to meet her burden of proving that she used a Dalkon Shield IUD. Accordingly, the Referee denied Ms. Harmon any compensation for her injuries.

On November 15, 1996, Ms. Harmon filed the present motion. In her motion, Ms. Harmon argues that she was "misrepresented by the referee ... by giving facts to rule out my settlement." In addition, Ms. Harmon claims that she has "credible evidence" that will show that the decision was unfair. Based on the foregoing, Ms. Harmon has moved the Court to order a new ADR hearing.

## II.

This Court has, on numerous occasions, articulated the high standard a movant must satisfy in order to be entitled to relief from ADR. *E.g., In re A.H. Robins Co. (Goodman v. Dalkon Shield Claimants Trust)*, 209 B.R. 366 (E.D.Va.1997); *In re A.H. Robins Co. (Galarneau v. Dalkon Shield Claimants Trust)*, 201 B.R. 142 (E.D.Va.1996). It is well-settled that this Court will only review an ADR decision under the most "extreme circumstances" where a claimant can demon-

---

1. In a letter dated November 14, 1996, Ms. Harmon wrote to the Court seeking reversal of her ADR decision. Pursuant to *In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust)*, 197 B.R. 550 (E.D.Va.1995), *aff'd*, 112 F.3d 160 (4th Cir.1997), the letter was docketed on November 15, 1996 as a Motion To Enforce The Plan And Set Aside The ADR Decision. The Court notes that Ms. Harmon appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965).

2. A 1977 x-ray revealed two Lippes Loop IUDs in Ms. Harmon's uterus. In addition, her medical records contained several references to an IUD other than the Dalkon Shield.

strate "flagrant referee misconduct by clear and convincing evidence." *Bledsoe,* 197 B.R. at 554.

In the instant case, the Court finds that Ms. Harmon has failed to present clear and convincing evidence that Referee Morgan refused to abide by the ADR rules or made plainly egregious and patently unfair procedural errors. Ms. Harmon is simply dissatisfied with her ADR decision. As this Court has previously held, however, a motion to set aside an ADR decision is not a vehicle whereby unsuccessful Dalkon Shield claimants may relitigate their claims. *See In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust),* 197 B.R. 550 (E.D.Va.), *aff'd,* 112 F.3d 160 (4th Cir.1997). In the absence of clear evidence of flagrant referee misconduct or other extreme circumstances which would warrant relief from ADR, the Court will not disturb the decision of Referee Morgan. Accordingly, the Court will DENY Ms. Harmon's motion.

